**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq., Cal. Bar No. 185123
eric@kingsleykingsley.com
KELSEY M. SZAMET, Esq., Cal. Bar No. 260264
kelsey@kingsleykingsley.com
ARTHUR N. FOUR, ESQ. Cal. Bar No. 311716
arthur@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 990-8300
Fax: (818) 990-2903

Attorneys for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON WULF AMADEUS ADLER a.k.a. JUAN RAMIREZ, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, LLC, a Delaware Corporation; DIRECTV DIGITAL LLC, a Delaware Corporation; DIRECTV ENTERPRISES, LLC, a Delaware Corporation; DIRECTV GROUP HOLDINGS LLC, a Delaware Corporation; DIRECTV HOLDINGS LLC; THE DIRECTV GROUP, INC., a Delaware Corporation; DIRECTV, INC., a Delaware Corporation; and DOES 1 - 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Violations of Fair Credit Reporting Act, 15 U.S.C. §1681q;<br>2. Violations of Fair Credit Reporting Act, 15 U.S.C. §1681b(f)<br>3. Violations of California Civil Code §1785.19<br>4. Violations of California Civil Code §1785.31<br>5. Violation of California Business & Professions Code §17200, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JON WULF AMADEUS ADLER a.k.a. JUAN RAMIREZ ("Plaintiff"), on behalf of himself and all others similarly situated, alleges on information and belief, except for his own acts and knowledge, the following:

## I.
## INTRODUCTION

1. This is a class action brought under the federal Fair Credit and Reporting Act ("FCRA"), the California Consumer Credit Reporting Agencies Act ("CCRAA"), and the California Unfair Competition Law ("UCL") against Defendants for routinely and systematically pulling hard credit reports on consumers without a permissible purpose and under false pretenses.

2. Defendants DIRECTV, LLC, a Delaware Corporation; DIRECTV DIGITAL LLC, a Delaware Corporation; DIRECTV ENTERPRISES, LLC, a Delaware Corporation; DIRECTV GROUP HOLDINGS LLC, a Delaware Corporation; DIRECTV HOLDINGS LLC; THE DIRECTV GROUP, INC., a Delaware Corporation; DIRECTV, INC., a Delaware Corporation ("Defendants") is a Delaware Corporation and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

3. Defendants operate the largest direct-to-home digital-TV service in the United States providing cable and other pay television services to consumers. Defendants are engaged jointly in the business of providing cable to customers.

4. Plaintiff had no interaction and did not initiate any interaction with Defendants, but learned that Defendant conducted unauthorized credit transactions in the form of inquiries of Plaintiff's credit history.

5. Defendants, without permission, conducted hard credit pulls (described below) on Plaintiff and Proposed Class Members' credit histories, without any authorization, prior relationship, or interactions initiated by Plaintiff or Proposed Class Members, which necessarily adversely affected their credit scores.

6. Defendants' misleading and arbitrary conduct violates both federal and

California law.

7. Plaintiff now brings this Class Action on behalf of himself and a nationwide class, defined as:

> All persons who were subject to a hard credit inquiry by Defendants and did not authorize a hard credit inquiry with Defendants at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court." (the "Proposed Class")

8. The Named Plaintiff is an individual who has had no prior relationship or dealings with Defendants whatsoever, does not subscribe to DirecTV, has never applied to subscribe to DirecTV, has never sought employment with Defendants, and who never initiated a credit transaction with Defendants of any sort, but who nevertheless was subject to an unauthorized hard credit inquiry by Defendant, which necessarily impacted his credit score.

## II.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1681. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

10. Venue is proper in this district pursuant to 28 U.S.C. §1391(d) because Defendants is subject to personal jurisdiction in this district, maintains offices in this district, and the actions at issue took place in this district.

## III.

## PARTIES

**A.   PLAINTIFF**

11. Named plaintiff JON WULF AMADEUS ADLER a.k.a. JUAN RAMIREZ is an individual resident of Los Angeles County, California.

**B.   DEFENDANT**

12. Defendant is a Delaware Corporation that maintains its executive

offices in El Segundo County, California.

13. Defendants' California entity address is believed to be 2260 E Imperial Hwy, El Segundo, CA 90245.

14. Plaintiff is ignorant of the true name, capacity, relationship and extent of participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 10, but are informed and believe and thereon allege that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

15. Plaintiff is informed and believes and thereon allege that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, and/or carried out a joint scheme, business plan or policy in all respects pertinent hereto, and/or the acts of each Defendant are legally attributable to the other Defendants.

## IV.

## NATURE OF THE ACTION

**A.   THE FCRA, CCRAA, AND CREDIT PRIVACY PROTECTION**

16. The FCRA was passed by Congress in 1970 to ensure fair and accurate reporting of credit, promote efficiency in banking, and protect consumers' privacy.

17. In line with these purposes, the FCRA prohibits users of a person's credit report from obtaining consumer reports unless the user has a permissible purpose for procuring the report defined in the Statute. Specifically, §1681b(5) of the FCRA states:

> A person shall not use or obtain a consumer report for any purposes unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

18. The FCRA also prohibits users from obtaining "information on a

consumer from a consumer reporting agency under false pretenses." 15 U.S.C §1681q.

19. California's counterpart to the FCRA, the CCRAA, prohibits users from "knowingly or willfully obtain[ing] access to a file" or "knowingly or willfully obtain[ing] data from a file." Cal. Civ. Code §1785.19. The CCRAA proscribes obtaining credit reports under false pretenses as well. Cal. Civ. Code §1785.31(a)(3).

20. A *permissible* purpose under the Statute for obtaining a credit report is for the use in connection with a credit transaction involving a consumer. 15 U.S.C. §1681a(3)(A).

21. *Importantly*, the FCRA *distinguishes* credit reports obtained for purposes of being used in a credit transaction *initiated by the consumer* from those credit reports obtained for purposes of being used in a credit transaction where the transaction was *not initiated by the consumer*.

22. A *valid* example of where an entity might procure a credit report in connection with a transaction not initiated by the consumer, is where the entity intends to use a report in order to make a *firm offer of credit* to the consumer whose report is being used. 15 U.S.C. §1681b(c)(1)(B).

23. However, if the consumer has *neither initiated a transaction nor authorized the provision of a full credit report*, the procuring entity can only see *limited* information about the consumer. 15 U.S.C. §§1681b(a)(3)(A), b(c).

24. Specifically, under §1681b(c), a user of a consumer's report who is pulling a report for the purpose of using information "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer" in a situation where no transaction was initiated *may not procure an entire credit report*.

25. Instead, such entity may only receive:

(A) the name and address of a consumer;

   (B) an identifier that is not unique to the consumer and that is used by the person solely for the purpose of verifying the identity of the consumer; and

   (C) other information pertaining to a consumer that does not identify the relationship of experience of the consumer with respect to a particular creditor or other entity.

15 U.S.C. §1681b(c)(2).

26. Credit inquiries from entities in circumstances where the consumer neither initiated the transaction nor provided consent for a full report procurement *cannot adversely affect a consumer's credit score or impact the consumer's ability to procure future credit, because such inquiries are only viewable by the consumer.* See 15 U.S.C. §1681b(c)(3) ("a consumer reporting agency shall not furnish to any person a record of inquiries in connection with a credit or insurance transaction that is not initiated by a consumer.").

## B. HARD CREDIT PULLS AND SOFT CREDIT PULLS

27. In colloquial parlance, inquiries related to those transactions initiated by the consumer are known as "hard inquires" or "hard pulls." Inquiries not related to transactions initiated by the consumer are known as "soft inquiries" or "soft pulls."

28. Hard pulls are visible to third parties who obtain a consumer credit report.

29. Moreover, each hard pull can result in a credit score reduction of up to five points. *See Harkins v. Diversified Collection Servs., Inc.*, No. CIV. PJM 12-1229, 2012 WL 5928997, at *1, n. 1 (D. Md. Nov. 26, 2012).

30. In fact, it is common for creditors to use the number of hard pulls on a consumer's credit report as a basis to *deny* an extension or continuation of credit.

31. Soft pulls, however, are not visible to anyone other than the consumer, and do not affect the consumer's credit score. Soft pulls include inquiries made when a consumer checks his or her own credit report, inquiries made by a business with

which the consumer already does business, and inquiries made by credit card or insurance companies to make firm offers of credit when no transaction has been initiated by the consumer.

32. Soft pulls are not visible to other users of credit reports and do not affect consumers' credit scores.

### C. DEFENDANTS' HARD INQUIRIES INTO PLAINTIFF'S AND PROPOSED CLASS MEMBERS' CREDIT REPORTS

33. Defendant made hard inquiries into Plaintiff and the Proposed Class Members' credit reports not in connection with any firm offer of credit, and not initiated or authorized by the consumers.

34. Defendant did so without a permissible statutory purpose, and without *any prior interaction* with Plaintiff or Proposed Class Members.

35. Plaintiff and Proposed Class Members did not even know about the hard pulls until viewing their own credit reports. After noticing the unauthorized hard pulls from Defendant and that these pulls would negatively affect credit scores, Plaintiff and the Proposed Class Members were shocked, embarrassed, and felt a sense of personal and identity insecurity due to Defendants' willful conduct.

### D. PLAINTIFF'S INTERACTION WITH DEFENDANT

36. Plaintiff had no interaction with Defendants prior to learning about Defendants' unauthorized hard pull of his credit. Plaintiff did not initiate any credit related interaction with Defendants whatsoever.

37. Upon learning of the unauthorized hard pull by Defendants, Plaintiff did then contact Defendants' representatives in the hopes of resolving the issue, removing Defendants' inquiry, and resolving any negative effects the hard pull would have on his credit score.

### E. DEFENDANTS' CONDUCT WAS WILFUL

38. Defendants acted knowingly and willfully.

39. Defendants violated clear statutory mandates under 15 U.S.C. §1681n.

40. Defendants' policy and practices created a risk substantially greater than any risk associated with mere carelessness.

41. By making hard inquiries into the credit reports of Plaintiff and the Proposed Class Members, Defendants have damaged these peoples' credit scores and perceived trustworthiness.

42. Plaintiff spoke with Defendants' service representatives and complained of the issue. Defendants were therefore aware of the hard credit pulls not initiated by the consumers.

## V.

## CLASS ACTION ALLEGATIONS

43. Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to Rule 23(a) and 23(b)(3) of the F.R.C.P. Plaintiff indeed satisfies the requirements of Rule 23(a) and (b)(3) for the prosecution of this action as a class action. Plaintiff seeks to represent a Class composed of and defined as follows:

> All persons who were subject to a hard credit inquiry by Defendants and did not authorize a hard credit inquiry with Defendants at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court." (the "Proposed Class")

44. Plaintiff does reserve the right to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

**A.   Numerosity**

45. The Proposed Class is so numerous that joinder of all class members is impracticable. While the precise number of members of the Proposed FCRA Class has not been determined at this time, Plaintiff is informed and believes that Defendant, during the relevant period, the Proposed Class includes thousands of persons.

46. Plaintiff alleges that Defendants' records will provide information as to the number of all members of the Proposed Class.

**B. <u>Commonality</u>**

47. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

(a) Whether Defendants violated the FCRA by making hard pulls of Plaintiff and Proposed Class Members' credits reports, even though no interaction was initiated by Plaintiff or the Proposed Class Members and no authorization was provided by them;

(b) Whether Defendants acted willfully in making hard credit inquiries into Plaintiff and the Proposed Class Members' credit reports without interaction initiated by the consumers and without authorization by same;

(c) Whether Plaintiff and the Proposed Class Members suffered because of the unauthorized hard pulls on their credit reports;

(d) Whether Defendants procured credit reports without a permissible purpose under the FCRA;

(e) Whether Defendants procure credit reports under false pretenses;

(f) Whether Defendants accessed or obtained data from consumer files in violation of the CCRAA;

(g) Whether Defendants' conduct was unlawful or unfair or fraudulent under the UCL;

(h) The measure of statutory damages; and

(i) The scope of injunctive relief.

**C. <u>Typicality</u>**

48. The claims of the named Plaintiff are typical of the claims of the members of the Proposed Class.

49. Plaintiff is a member of the Proposed Class. Plaintiff is currently, or was formerly, subjected to the same unlawful practices as other Proposed Class Members.

50. Plaintiff and other members of the Proposed Class suffered the same injuries and seek the same relief

**D.   Adequacy of Representation**

51. Plaintiff will fairly and adequately represent and protect the interests of the members of the Proposed Class.

52. Counsel for Plaintiff are competent and experienced in litigating large complex consumer class actions.

**E.   Predominance and Superiority of Class Action**

53. A class action is superior to other available means for fair and efficient adjudication of this controversy. Individual joinder of all members of the Proposed Class is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Proposed Class.

54. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

55. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the members of the Proposed Class to seek and obtain relief. Moreover,

a class action will serve an important public interest by permitting employees harmed by Defendants' unlawful practices to effectively pursue recovery of the sums owed to them.

## VI.
## FIRST CAUSE OF ACTION
## [15 U.S.C. §1681Q]
## OBTAINING CONSUMER INFORMATION UNDER FALSE PRETENSES

56. Plaintiff, and the other members of the Proposed Class, reallege and incorporate by this reference, as though set forth herein, the prior paragraphs of this complaint.

57. Defendants pulled Plaintiff and the Proposed Class Members' credit histories under false pretenses, because there was no valid reason for them to perform hard credit checks without authorization, and without an interaction involving a firm offer of credit.

58. Defendants violated the FCRA by knowingly and willfully procuring information on Plaintiff and Proposed Class Members under false pretenses. 15 U.S.C. §1681q.

59. Defendants acted knowingly and willfully. Defendants' conduct is reflected by:

    (a) The FCRA was enacted in 1970; Defendants have had over 40 years to become compliant;

    (b) Defendants violated a clear statutory mandate set forth in 15 U.S.C. § 1681q;

    (c) Defendants knew the difference between a hard credit inquiry and a soft credit inquiry;

    (d) Defendants know that a hard credit inquiry reduces a consumer's credit score;

(e)   Defendants systematically procured consumer information without permissible purposes despite myriad statutory text and guidance.

(f)   By adopting such a policy, Defendants voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

60.   Plaintiff and the Proposed Class are entitled to Statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A). Plaintiff and the Proposed Class Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2). Plaintiff and the Proposed Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## VII.
## SECOND CAUSE OF ACTION
## [15 U.S.C. §1681B(F)]
## OBTAINING CONSUMER REPORTS WITHOUT A PERMISSIBLE PURPOSE

61.   Plaintiff, and the other members of the Proposed Class, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

62.   Plaintiff and Proposed Class Members did not authorize Defendants to do a hard pull of their credit reports.

63.   Plaintiff and Proposed Class Members did not initiate any credit transaction with Defendants.

64.   Defendants lacked a permissible purpose to obtain full credit reports on Plaintiff and the Proposed Class.

65.   Defendants violated the FCRA by willfully procuring consumer reports on Plaintiff and Proposed Class Members without a permissible purpose. *See* 15 U.S.C. §1681b(f).

66. Defendants acted knowingly or recklessly. Defendants' willful conduct is reflected by, among other things:

(a) The FCRA was enacted in 1970; Defendants have had over 40 years to become compliant;

(b) Defendants violated a clear statutory mandate set forth in 15 U.S.C. § 1681b(f);

(c) Defendants knew the difference between a hard credit inquiry and a soft credit inquiry;

(d) Defendants know that a hard credit inquiry reduces a consumer's credit score;

(e) Defendants systematically procured consumer information without permissible purposes despite myriad statutory text and guidance.

(f) By adopting such a policy, Defendants voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

67. Plaintiff and the Proposed Class are entitled to Statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A). Plaintiff and the Proposed Class Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2). Plaintiff and the Proposed Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## VIII.

## THIRD CAUSE OF ACTION

## [CAL. CIV. CODE §1785.19]

## UNLAWFULLY ACCESSING OR OBTAINING DATA FROM CONSUMER FILES

68. Plaintiff, and the other members of the Proposed Class, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

of this Complaint.

69. Plaintiff and Proposed Class Members did not authorize Defendants to do a hard pull of their credit reports.

70. Plaintiff and the Proposed Class Members did not initiate any interaction with Defendants which led to the hard pull of their credit reports.

71. Defendants lacked any permissible purpose to obtain the credit reports under Cal. Civil Code §1785.11.

72. Defendants knowingly and willfully accessed or obtained data from the consumer files of Plaintiff and the Proposed Class Members in violation of Cal. Civil code §1785.19.

73. Defendants acted knowingly and willfully. Defendants' knowing and willful conduct is reflected by, among other things:

 (a) Cal. Civil Code §1785.19 was enacted in 1990; Defendants have had over 20 years to become compliant;

 (b) Defendants violated a clear statutory mandate set forth in Cal. Civil Code §1785.19;

 (c) Defendants knew the difference between a hard credit inquiry and a soft credit inquiry;

 (d) Defendants know that a hard credit inquiry reduces a consumer's credit score;

 (e) Defendants systematically procured consumer information without permissible purposes despite myriad statutory text and guidance.

74. Plaintiff and the Proposed Class Members are entitled to civil penalties of not more than $2,500 for each and every one of these violations pursuant to Cal. Civil Code §1785.19. Plaintiff and the Proposed class are also entitled to injunctive relief, and to recover their costs and attorneys' fees, pursuant to Cal. Civil Code §1785.31.

/ / /

IX.

## FOURTH CAUSE OF ACTION

## [CAL. CIV. CODE §1785.31]

## OBTAINING CONSUMER REPORT UNDER FALSE PRETENSES

75. Plaintiff, and the other members of the Proposed Class, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

76. Defendants obtained Plaintiff and the Proposed Class's credit reports under false pretenses or knowingly without a permissible purpose. Cal. Civ. Code §1785.31(a)(3).

77. Defendants acted knowingly or recklessly. Defendants' conduct is reflected by:

    (a) The CCRAA was enacted in 1993, so Defendants have had over 20 years to become compliant;

    (b) Defendants violated a clear statutory mandate set forth in Cal. Civil Code §1785.31;

    (c) Defendants knew the difference between a hard credit inquiry and a soft credit inquiry;

    (d) Defendants know that a hard credit inquiry reduces a consumer's credit score;

    (e) Defendants systematically procured consumer information without permissible purposes despite myriad statutory text and guidance.

    (f) By adopting such a policy, Defendants voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

78. For the violations stated above, Plaintiff and the Proposed Class are entitled to injunctive relief, and costs and attorneys' fees, pursuant to Cal. Civil Code

§1785.31.

## X.

## FIFTH CAUSE OF ACTION

## [CAL. BUS. & PROF. CODE § 17200]

## UNLAWFUL, UNFAIR, OR FRAUDULENT CONDUCT

79. Plaintiff, and the other members of the Proposed Class, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

80. Defendants were required to adhere to the requirements of the UCL.

81. By making hard pulls of Plaintiff and the Proposed Class Members credit reports, Defendants harmed Plaintiff and the Proposed Class Members' credit scores. *See King v. Bank of Am., NA.*, No. C-12-04168 JCS, 2012 WL 4685993, at *8 (D.D. Cal. Oct. 1, 2012) ("Allegations of a diminished credit score have been found to satisfy the UCL's standing requirement.").

82. Defendants' hard credit pulls constituted unlawful, unfair, and fraudulent business practices.

83. Defendants' practices were unlawful because they violate the FCRA and/or the CCRAA.

84. Defendants' practices were unfair because it is unethical, immoral, unscrupulous, oppressive, and substantially injurious to consumers.

85. The harm caused by these business practices vastly outweighs any legitimate utility they possibly could have.

86. California Business and Professions Code §17200 *et seq.* provides, in relevant part, that "unfair competition shall mean and include any unlawful, unfair, or fraudulent business act or practice..."

87. Plaintiff brings this action on behalf of himself and on behalf of the Proposed Class described above, and on behalf of the general public pursuant to §17204 of the California Business & Professions Code.

88.     In California, there is a fundamental and substantial public policy protecting consumers' credit and privacy.

89.     The following practices of Defendants are unlawful, and unfair business practices under California Business & Professions Code §17200 *et seq.*:

(a)     Defendants' pulls of hard credit inquiries of Plaintiff and the Proposed Class Members' credit reports when no interaction had been initiated by the consumers and no authorization for credit inquiries was provided;

90.     The unlawful, and unfair acts described herein present a continuing threat to the general public which cannot be adequately remedied at law. Plaintiff is informed and believe that such conduct will continue unless enjoined by this Court pursuant to §17203 of the Business and Professions Code.

91.     The limitations period under the Business and Professions Code §17208 is four years. Accordingly, Plaintiff seeks relief for the period going back four years prior to the filing of this Complaint and continuing into the present until judgment is entered.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

1.     On behalf of the Proposed Class:

    (a)     Determining that this action may proceed as a class action under Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure;

    (b)     Designating Plaintiff as Class Representative and designating Plaintiff's counsel as counsel for the Class;

    (c)     Issuing proper notice to the Class at Defendants' expense;

    (d)     Declaring that Defendants violated the FCRA;

    (e)     Declaring that Defendants acted willfully, in knowing or reckless

|     |     |     |
| --- | --- | --- |
|     |     | disregard of Plaintiff's rights and their own obligations under the FCRA; |
|     | (f) | Awarding statutory damages and punitive damages as provided by the FCRA; |
|     | (g) | Reasonable attorneys' fees and costs incurred by Plaintiffs on behalf of themselves and the Class in the prosecution of this action pursuant to the FCRA; |
|     | (h) | Declaring that Defendants violated the CCRAA; |
|     | (i) | Awarding civil penalties, costs, and attorney's fees as provided by the CCRAA; |
|     | (j) | Declaring that Defendants violated the UCL; |
|     | (k) | Awarding attorney's fees and costs as provided under the UCL; |
|     | (l) | Awarding appropriate injunctive relief under the UCL and CCRAA, including an injunction requiring that Defendants cease their unlawful practices and ensure that consumer reporting agencies remove Defendants' unauthorized credit inquiries from Plaintiff's and the Proposed Class Members' credit reports; |
|     | (m) | Pre- and post-judgment interest at the maximum legal rate of interest for each item of damages listed above; and |
|     | (n) | Such other and further relief as this Court deems just and proper. |

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury.

DATED: February 28, 2018         KINGSLEY & KINGSLEY, APC

By: _____
Eric B. Kingsley
Kelsey M. Szamet
Attorneys for Plaintiff